**BEAUMONT CAPITAL CORP., Plaintiff,**

v.

**BEAR, STEARNS & CO., Defendant.**

**No. 85 Civ. 4572. (DNE).**

United States District Court,
S.D. New York.

Dec. 1, 1988.

---

Henry J. Clay, Jr., Abberly Cooiman Marcellino & Clay, New York City, for plaintiff.

Stephen J. Weiner, Winthrop, Stimson, Putnam & Roberts, New York City, for defendant.

## ORDER

EDELSTEIN, District Judge:

Plaintiff, Beaumont Capital Corp. ("Beaumont"), filed the instant action pursuant to the securities laws to recover monies allegedly lost in a securities trading account. Defendant, Bear, Stearns & Co. ("Bear Stearns"), has filed a motion for summary judgment on the basis of a purported "Release and Settlement Agreement." The case was referred to United States Magistrate Sharon E. Grubin for a report and recommendation, which she has submitted. The report recommends that defendant's motion be granted. The facts are fully set forth in Magistrate Grubin's report and recommendation.

■ Beaumont has filed objections to the Report and Recommendation in the form of an affidavit by its attorney. Plaintiff claims that Magistrate Grubin made assumptions regarding Samuel Lee's [1] understanding of his loses at the time he executed the purported release. This is simply not the case. As plaintiff notes, the issue is whether Mr. Lee "did not know or could *not* reasonably discover what his damages were." *See* Plaintiff's Objections ¶ 7 (emphasis in original). At that time, as Magistrate Grubin determined, Mr. Lee could have reasonably discovered that he had been wronged by Huang and Bear Stearns. Whether Mr. Lee could have assessed his

damages down to the nickel is not relevant. Plaintiff in his papers continually estimated the loss at between $250,000 and $300,000. *See* Lee Deposition at 98, 100–02; Lee Affidavit in Opposition to Motion for Summary Judgment ("Lee Affidavit") ¶¶ 10, 15; Plaintiff's Memorandum in Opposition to Summary Judgment at 4. Clearly, not only could plaintiff have known his losses, but his statements indicate that he did know the general extent of his damages.[2]

■ Plaintiff also contends that a trial is necessary to determine the circumstances surrounding the signing of the release. This contention stems from Mr. Lee's affidavit in opposition to the instant motion. Mr. Lee's affidavit attributes his signing of the release to Mr. Huang's despondency when he visited Lee at his office. While noting that Mr. Lee's affidavit differed significantly from his prior deposition testimony, Magistrate Grubin nonetheless accepted the assertions in the affidavit at face value. Quite correctly, Magistrate Grubin concluded that the contention that Mr. Lee would not have signed the release had he known Huang had a job lined-up is speculative. Further, it is not the type of "fraud" that would void the release because these considerations had nothing to do with the subject matter of the contract. Accordingly, even accepting Mr. Lee's second account of the signing of the release, summary judgment was properly granted.

■ Moreover, the affidavit of Mr. Lee need not be accepted at face value. When an affidavit in opposition to a summary judgment motion contradicts prior deposition testimony, it will not suffice to overcome summary judgment. *See Mack v. United States*, 814 F.2d 120, 124 (2d Cir. 1987). Mr. Lee's belated account of the circumstances surrounding the signing of the release does not, therefore, raise a genuine issue of material fact pursuant to Fed. R.Civ.P. 56.

---

1. Samuel Lee is the president of Beaumont and the individual who personally dealt with Paul Huang, the trader at Bear Stearns that handled the trading account at issue herein.

2. Alternatively, Mr. Lee did not know the *exact* amount of his loss until he learned the amount

through discovery in this case. This would merely reinforce the notion that Lee did not need to know the precise extent of his loss to file this lawsuit or to understand that he had been wronged.

Whereas the remaining objections have been considered and found to have no merit, the court hereby adopts Magistrate Grubin's report and recommendation. Defendant's motion for summary judgment is hereby granted and the complaint is accordingly dismissed.

SO ORDERED.